## Frederick H. Herhold v. Albert L. White.

### Gen. No. 11,119.

1. SLANDER—*what words actionable, without innuendo.* The words, "he (meaning the plaintiff) is and has been behind bars," are slanderous and actionable of themselves without any innuendo, and the statement of an innuendo with respect thereto does not change the legal effect of their use.

2. VIDELICET—*effect of allegation under.* Where it is alleged under a *videlicet* that slanderous words were spoken at a particular place, it is not essential to a recovery that proof be made that such words were, in fact, spoken at such place; it is sufficient if the speaking of the words be established at any place.

Action on the case for slander. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed May 17, 1904.

DONALD L. MORRILL, for appellant.

HENRY W. LEMAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This was an action for slander in which plaintiff had a verdict for $800, remitted therefrom $400, had judgment for $400, and the defendant appealed.

The words charged in the second count of the declaration were, "he (meaning the plaintiff) is and has been behind bars." It is contended that these words are not actionable. In Webb v. Beavan, 11 Q. B. D. 609, it was said: "The distinction seems a natural one, that words imputing that the plaintiff has rendered himself liable to the mere infliction of a fine are not slanderous, but it is slanderous to say that he has done something for which he can be made to suffer corporally."

Words are to be construed "according to their common acceptation," "in the sense in which hearers of common and reasonable understanding would ascribe to them." In our opinion to say of a man that he "has been behind bars" must be held to mean and charge that he has done

Herhold v. White.

something for which he has been punished by imprison-
ment, and to say of him that "he is behind the bars"
must be held to mean and charge that he has done some-
thing for which he is now suffering punishment by impris-
onment, and either set of words is therefore slanderous
and actionable of themselves without an innuendo. The in-
nuendo stated, that defendant thereby meant to state and
charge "that the plaintiff was incarcerated in a jail or
prison and deprived of his liberty upon some criminal
charge or by indictment and conviction" is a mere state-
ment of a legal conclusion and is but surplusage.

It was charged in the first count of the declaration, and
there was evidence tending to prove, that the defendant
also said of the plaintiff, that he "went under an assumed
name in Chicago, and passed himself off for a single man,"
and the court submitted to the jury the question, whether
the defendant "was guilty of speaking the slanderous
words charged in the declaration." In this the court
erred. The words charged in the first count are not action-
able, and the case should have been submitted to the jury
upon the issue joined on the second count only; but in our
opinion such error could have worked the defendant no
harm, and is therefore not a sufficient ground for the re-
versal of the judgment.

It is further contended that the verdict is against the
evidence. The declaration charged, under a *videlicet*, that
the words were spoken at Detroit, and it is contended
that the great preponderance of the evidence is that the
defendant was in Chicago on the day the witness testified
that he spoke the words in Detroit, and so could not have
spoken the words. Only one witness testified to the speak-
ing of the words at Detroit, but another witness testified
that about the time charged in the declaration he heard the
defendant say at Chicago that the plaintiff "at some time
or other has been behind the bars for a criminal offense,"
and a third testified that he heard the defendant at
Chicago say that "he had gotten a letter with information
that Mr. White (the plaintiff) had been behind bars."

The court, at the request of defendant, instructed the jury that the plaintiff could not recover unless the words charged " were spoken at Detroit, Michigan, as alleged in the plaintiff's declaration." This instruction should not have been given. Actions for libel and slander are transitory actions. The words in the declaration " at, to wit, the city of Detroit," are to be considered as laying a venue and not a description of the place, and it was not necessary for the plaintiff to prove that the cause of action arose where the venue was laid. Hurley v. Marsh, 1 Scam. 328.

Whether if the evidence of one witness, that the words charged were spoken by the defendant at Detroit, was the only evidence to prove the speaking of the words, the verdict should be held to be against the evidence, is a question not before us. It is sufficient to say that upon all the evidence we cannot say that the verdict is against the evidence, nor can we say that the damages are excessive.

Finding in the record no reversible error, the judgment of the Superior Court will be affirmed.

*Affirmed.*